# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

In the Matter of:

Alfredo Jose Espinales Peña

Petitioner

VS.

U.S Attorney General: William P. Barr

Respondent

U.S Attorney General et al.,
Chad Wolf
(Secretary D.H.S)

Civil Action No: 3:21-cv-896-mmH-MCe

A 028850794

Petition for A : Writ of Habeas corpus

pursuant To 28 U.S.C. 2241

Petition for a **_Writ of Habeas Corpus._**
PURSUANT TO 28 U.S.C. 2241

Petitioner Alfredo Jose Espinales Peña appearing pro se, hereby petitions this court for a writ of habeas corpus and seeks declaratory and injunctive relief review the lawfulness of his detention by the United States Department of Homeland Security, Immigration and Customs Enforcement (ICE) for more than 180 days because ICE has been unable to deport him to his native country of citizenship and he has been through the 180 day review process.

In support of this petition and complaint, petitioner alleges as follows:

### ***CUSTODY:***

Petitioner is in physical custody of respondents and U.S. Immigration and Customs Enforcement (ICE). Petitioner is detained at the Baker County Detention Center P.O Box 1629 macclenny Fl 32063

Pursuant to a contractual agreement with the Department of Homeland Security. Petitioner is under the direct control of respondents and their agents.

### *JURISDICTION:*

This action arises under the United States constitution, the Immigration and Nationality Act of 1952, as amended, 8 U.S.C.1101 et seq. (The Act), and the administrative procedure Act, 5U.S.C.701 et seq. (the APA.)

Jurisdiction exists in this court pursuant to 28 U.SC. 2241 et seq, 28 U.S.C.1331, the APA, 5 U.S.C 701 et seq , the Declaratory Judgment Act, 28 U.S.C. 2201 et seq, and the All writ Act, 28 U.S.C. 1361. The federal Question statue 28 U.S.C & 1331, *Bivens-vs.-six Unknown* Federal Narcotic Agents, 403 US 388 91 s. ct. 199, 29 led 2d 619 (1971) and the Declaratory Judgment statue

Petitioner has exhausted any and all administrative remedies to the extent required by law.

### *VENUE:*

Venue in this district is proper under 28 U.S.C. 1391. Because the officer in charge in makes custody decisions in petitioner's case is with this judicial district, venue lies in the United States district court for the Southern District of Florida district in which petitioner is currently detained.

### *PARTIES:*

Petitioner is a native and citizen of Nicaragua petitioner was first ordered/Deported about or around 11-4-1997 and was detained. Respondent has gone through the 180 review process while he was detained. Petitioner was taken into

custody this time on _2-22-2021_ and has remained in their custody continuously since that date.

Respondent WILLIAM P. BARR issued in his official capacity as the attorney general of the United States is respondent for the administration of D.H.S./ICE and the Implementation and enforcement of the Immigration and Naturalization Act (INA). As such, Mr. William Barr has ultimate custodial over petitioner.

Respondent _Bailey_ issued in his official capacity as the officer in charge at _Baker County Detention Center P.O Box 1629 macclenny FL. 32063_.

In his capacity he maintains responsibility over the day to day operations at _Baker County Detention center P.O Box 1629 Macclenny FL, 32063_ where petitioner is presently detained by ICE.

Respondent _William P. Barr_ issued in his official capacity as secretary of the Department of Homeland Security. in his capacity he is respondent for the administration of the immigration laws pursuant to 8 U.S.C. 1103(a) and has ultimate custodial authority over petitioner.

## *FACTS:*

1. Petitioner, Alfredo Jose Espinales(?) is a native of Nicaragua.

2. Petitioner first enter the United States on or about 10-20-1984

3. An Immigration Judge Ordered Removal / Deportation in 11-4-1997

4. Petitioner was taken into custody this time on 2-22-2021 and has remained in custody.

5. Petitioner has not been on supervision.

6. Petitioner has cooperated fully with all efforts by ICE to remove petitioner from the United States. Specifically, petitioner voluntarily provided identity document.

7. To date however ICE has been unable to remove/Deported petitioner to any country.

8. Petitioner has maintained good behavior while in detention, and has abided by all rules and regulations.

9. Petitioner's has been through the 180 day review process detained at which time petitioner is still in custody.

10. If released petitioner will reside at 2976 NW 27 St. Miami, FL 33142 where his family awaits for his release.

11. Petitioner has family ties in the community including his Church Functions within the community / work / out patien treatment

12. Petitioner does not pose a danger to the community.

13. Petitioner is not flight risk.

14. Petitioner will report and comply with all rules and regulations of supervision.

## *CLAIMS FOR RELIEF:*

## COUNT ONE

(Detention in violation of the statute and Regulations)

Petitioner report and re-alleges allegations as described above as though set forth fully herein.

Section 241 of the immigration and nationality Act permits the detention of an alien with a final order of removal for a period of 180 days. In the case K. Rosati (supra note 48,at 531-32 argues that individuals granted deferral or Deportation should be eligible for release under supervision pursuant to INA 241 (a) (3) and 8 CFR 241.3 to 241.5 after their 180 day removal period has expired.

(a) An Alien who has been detained beyond the presumptive 180 days should be released where the government is unable to present documented confirmation that the foreign government at issue will agree to accept the particular individual in question. See AGBADO vs. John Ashcroft, 2002 U.S. Dist. LEXIS 15797 (D Mass. AUGUST 22, 2002)

Because there is no significant likelihood of removal in the reasonably foreseeable future, and because none of the special circumstances exist here to justify petitioners continues detention. Petitioner must be released under ICE supervision.

## COUNT TWO

Substantive Due Process Violation

Petitioner repeats and re-alleges the allegations set forth in paragraphs' 1 through 15 above as though set forth fully herein.

As a person in the United States, petitioner is protected by the Due process clause of the Fifth Amendment. ICE has detained petitioner for more than ___180___ days since the issuance of his final order of removal. There is no significant likelihood that petitioner's removal will occur in the reasonably foreseeable future. Petitioner does not pose any danger to the community or is petitioner a flight risk, and no special circumstances exist to justify his continued detention. As petitioner is not justified and violates substantive due process. See **ZADVYDAS, 533 U.S at 690-91.**

## CERTIFICATE OF SERVICE

I _Alfredo Jose Espinaks Peña_ HEREBY CERTIFY that a true and correct copy has been furnished to the Clerk of Court, U.S. Attorney's Office and the parties listed below. By U.S. Mail this _09_ day of _Sept_ 20 _21_

Including waiver in Forma Pauperis

United State District Court
middle District of Florida
Bryan Simpson United State courthouse
300 Hogan Street
Jacksonville FL, 32202

Director of Ice mrs. Bailey
Ice, Jacero
13077 veveras Drive
Jacksonville FL, 32258

_Alfredo J. Espinates Peña_